## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,

v.                                                    CASE NO.  4:10cr48-RH/WCS

CLARENCE WILLIAM KALFAS,

      Defendant.

_____/


## ORDER DENYING THE MOTIONS
## TO DISMISS THE INDICTMENT


A grand jury indicted the defendant Clarence William Kalfas on one count of bank fraud and one count of making a false statement to a federally insured bank.  The defendant filed two motions to dismiss the indictment, essentially arguing that even on the undisputed facts, the defendant is not guilty.  This order confirms the denial of the motions to dismiss as announced during a telephone hearing.  The case now has proceeded to trial, with the jury finding Mr. Kalfas guilty on each count.

The Eleventh Circuit has set out the standards governing a motion to dismiss an indictment:

For an indictment to be valid, it must "contain [ ] the elements of the

> offense intended to be charged, and sufficiently apprise[ ] the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962) (internal quotations omitted); *United States v. Sanchez*, 269 F.3d 1250, 1314 (11th Cir.2001) ( en banc ), *cert. denied*, 535 U.S. 942, 122 S.Ct. 1327, 152 L.Ed.2d 234 (2002). "An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute." *Russell*, 369 U.S. at 765, 82 S.Ct. at 1047 (internal quotations and citations omitted). Furthermore, if the indictment tracks the language of the statute, "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* at 765, 82 S.Ct. at 1048; *see also Hamling v. United States*, 418 U.S. 87, 117-18, 94 S.Ct. 2887, 2907-08, 41 L.Ed.2d 590 (1974). When the indictment uses generic terms, it must state the offense with particularity. Additionally, an indictment must enable the defendant to enter a plea that will bar any "future prosecutions for the same offense." *Hamling*, 418 U.S. at 117, 94 S. Ct. at 2907.

*United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003).

In ruling on a motion to dismiss for failure to state an offense, a court reviews the language used to charge the crimes; the court does not determine facts that should be developed at trial. *See United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). "There is no summary judgment procedure in criminal cases." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). Generally, if the alleged facts warrant an inference that the grand jury found *probable cause* to support the essential elements of the crime, the indictment is sufficient. *See United States v. Seher*, 562 F.3d 1344, 1356 (11th Cir. 2009). Thus, on a motion to

dismiss an indictment, a district court should not determine whether the alleged or even uncontroverted facts constitute a violation of federal law. *See United States v. Salman*, 378 F.3d 1266, 1267-68 (11th Cir. 2004). Mr. Kalfas's motions to dismiss run afoul of these principles.

This indictment easily meets the standards relevant to a motion to dismiss. The indictment specifically identifies the conduct on which it is based. Each count adequately tracks the statutory language and sets forth the essential elements of the alleged crime.

For these reasons,

IT IS ORDERED:

The defendant's motions to dismiss, ECF Nos. 28 and 38, are DENIED.

SO ORDERED on September 21, 2010, nunc pro tunc.

s/Robert L. Hinkle_____
United States District Judge